IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

MICHAEL SAWAF, D.M.D and
PETER JANG, D.D.S,

                                                  Case No.: 3:07-cv-00272-HES-HTS

       Plaintiffs,

vs.

GASPER LAZZARA, D.M.D.

       Defendant.
_____/

**PLAINTIFFS' MOTION FOR EXPEDITED HEARINGS
AND TO ADVANCE MATTER ON THE COURT'S CALENDAR**

COME NOW, the Plaintiffs, MICHAEL SAWAF, D.M.D. ("Sawaf") and PETER JANG, D.D.S ("Jang"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 57 and Local Rule 3.01, and file this, their Motion for Speedy Hearings and to Advance This Matter on the Court's Calendar, and in support thereof, allege as follows:

1. The Plaintiffs filed the instant matter on April 5, 2007 pursuant to the federal Declaratory Judgment Act. 28 U.S.C. § 2201. (Docket No. 1). They filed their Motion for Summary Judgment on April 27, 2007. (Docket No. 3).

2. On May 11, 2007, the Defendant filed a Motion for Extension of Time to Respond to Plaintiffs' Complaint and to Respond to Plaintiffs' Motion for Summary Judgment. (Docket No. 7).[1]

3. Defendant filed his Motion to Dismiss on May 16, 2007 (Docket No. 11) and the Plaintiffs filed their Response thereto on May 25, 2007. (Docket No. 14).

---

[1] In its May 21, 2007 Order, this Court permitted Defendant up to and including July 25, 2007 to Respond to Plaintiffs' Motion for Summary Judgment. (Docket No. 13).

4.      On May 25, 2007, the undersigned counsel was informed by Plaintiff, Jang, that Jang was called to Active Duty by the United States Department of the Army for a period of 365 days beginning August 1, 2007 pursuant to a certain Mobilization Order.[2]

5.      The Mobilization Order requires Jang to be deployed overseas for OPERATION "IRAQI FREEDOM" for a minimum deployment period of 90-days ("boots on the ground"), exclusive of any "pre- and post-deployment periods."

6.      The Plaintiffs have maintained that the singular issue for determination herein – control of Imagine Orthodontics of Tennessee, PLLC – is one that does not require any discovery by Plaintiffs and that it is ripe for adjudication. As such, Jang seeks a determination of this sole issue prior to his deployment in Iraq.

7.      Both Plaintiffs agree to cooperate in good faith and to provide Defendant with requested discovery in an expedited fashion.

8.      In light of Jang's deployment abroad, his year-long Active Duty commitment, and the fact that neither Plaintiff desires to obtain any discovery, both Plaintiffs request that this Court advance all discovery, pre-trial, and trial procedures in accordance with, and in the spirit of, Federal Rule of Civil Procedure 57.

WHEREFORE, the Plaintiffs, MICHAEL SAWAF, D.M.D. ("Sawaf") and PETER JANG, D.D.S ("Jang"), respectfully request that this Honorable Court to advance the following pre-trial procedures, discovery, hearings, and trial as follows:

Case Management Conference:    Parties to confer on or before <u>June 8, 2007</u>

---

[2] The undersigned counsel has refrained from attaching the Mobilization Order to this Motion in an abundance of caution in light of being uninformed about the Mobilization Order's classification and security clearance status and the ramifications of making such a document public.

2

    Case Management Report Filing:    On or before <u>June 15, 2007</u>

    Trial date:    <u>between July 30 – August 2, 2007</u> (maximum of <u>one day</u> needed for trial).[3]

## Local Rule 3.01(g) Certification

I HEREBY CERTIFY that I have conferred with opposing counsel in a good faith attempt to resolve the issue posed by this motion and that the parties could not agree on a resolution of the motion.

## Memorandum of Law

On May 17, 2007, Plaintiff, Peter Jang, a member of the Army Reserves was issued a Mobilization Order calling him up for 365-days of Active Duty and a minimum 90-days deployment for operations in Iraq. Both Jang and his co-Plaintiff, Michael Sawaf, do not seek any discovery and allege that the singular issue in this declaratory action is ripe for adjudication.

According to Federal Rule of Civil Procedure 57, "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." Rule 57 "recognizes that often times a declaratory judgment action involves 'only an issue of law on undisputed or relatively undisputed facts'" and a Court "'may order a speedy hearing and advance it on the calendar.'" *Rechler Partnership v. Resolution Trust Corp.*, 1990 WL 711357, at \*7 (D. N.J. 1990). Rule 57 is "specifically designed to 'afford a speedy and inexpensive method of adjudicating legal disputes … to settle legal rights and remove uncertainty and insecurity from legal relationships." *Id*.

---

[3] Pursuant to this Court's May 21, 2007 Order, Defendant has up to and including July 25, 2007 to Respond to Plaintiffs' Motion for Summary Judgment.

In light of Jang's Active Duty status and deployment to Iraq, the Plaintiffs seek to have pre-trial procedures, discovery, hearings, and the trial advanced. Both Plaintiffs agree to cooperate in good faith and to provide Defendant with requested discovery in an expedited fashion. Plaintiffs contend that they do not require any discovery to prosecute the issue posed. The relief requested herein is sought in good faith as a consequence of the facts recited herein.

RESPECTFULLY SUBMITTED this 29th day of May, 2007.

s/Ronnie J. Bitman
**RONNIE J. BITMAN, ESQUIRE**
Florida Bar No.: 0744891
rbitman@powellpearson.com
**KARL E. PEARSON, ESQUIRE**
Florida Bar No.: 438669
kpearson@powellpearson.com
**POWELL & PEARSON LLP**
0399 Carolina Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 647-5551
Facsimile: (407) 647-5553
*Attorneys for Plaintiffs, Michael Sawaf, D.M.D and Peter Jang, D.D.S.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 29, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: kpearson@powellpearson.com; rbitman@powellpearson.com. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following:

  Justin A. Mallott, Esquire
  jmallott@foley.com
  John Tucker
  jtucker@foley.com
  Foley & Lardner LLP
  One Independent Drive, Suite 1300
  Jacksonville, Florida  32202-5017

            s/Ronnie J. Bitman
            **RONNIE J. BITMAN, ESQUIRE**
            Florida Bar No.: 0744891
            rbitman@powellpearson.com
            **KARL E. PEARSON, ESQUIRE**
            Florida Bar No.: 438669
            kpearson@powellpearson.com
            **POWELL & PEARSON LLP**
            399 Carolina Avenue, Suite 200
            Winter Park, Florida 32789
            Telephone:  (407) 647-5551
            Facsimile:   (407) 647-5553
            *Attorneys for Plaintiffs, Michael Sawaf,*
            *D.M.D and Peter Jang, D.D.S.*