IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL SAWAF, D.M.D. and
PETER JANG, D.D.S.,

Case No. 3:07-cv-00272-HES-HTS

Plaintiffs,

v.

GASPER LAZZARA,

Defendant.
_____/

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED HEARINGS AND TO ADVANCE MATTER ON THE COURT'S CALENDAR

Plaintiffs' Motion for Expedited Hearings and to Advance Matter on the Court's Calendar (Dkt. # 16) ("Plaintiffs' Motion to Expedite") seeks to expedite the scheduling of the trial in this matter. This motion should be denied because (A) Defendant's Motion to Dismiss, which seeks to dispose of this matter in its entirety and allow Florida's state courts to decide these issues in already-pending litigation, remains pending before the Court, and therefore the motion is premature; (B) the Motion continues Plaintiffs' wrongful attempt at forum shopping for the parties' dispute; and (C) Plaintiffs fail to state a sufficient bases for a speedy trial.

### I. FACTUAL BACKGROUND OF THE PARTIES' DISPUTES

#### Plaintiffs' Participation in the OEL Program

In 2003 and 2004, respectively, Plaintiff Sawaf and Plaintiff Jang executed an Orthodontic Program and Placement Agreement ("Education Agreement") with Orthodontic Education, Ltd., a company founded by Defendant Gasper Lazzara ("Dr. Lazzara"). See Defendant's Motion to Dismiss (Dkt. 11). In the Education Agreement, OEL agreed to (1) pay all tuition, books, fees, and supplies for each Plaintiff to attend the JU Orthodontics Program

("J.U. Program"); (2) pay each Plaintiff a $35,000 per year living stipend while attending the J.U. Program; (3) have an affiliated company establish an orthodontics practice for each Plaintiff and provide all business services for that practice; and (4) guarantee each Plaintiff the greater of 40% of the practice's annual net income attributable to their services or a minimum of $150,000 annually. In return, each Plaintiff agreed to utilize the non-professional business services of an OEL affiliated company for seven years in connection with the practice.

After having received all benefits under the Education Agreement with a cost in excess of $200,000 for each Plaintiff, and admission to one of the most selective post-graduate programs in the medical field, Plaintiffs then separately refused to perform their end of the bargain and instead walk away with no obligation or responsibility.

### The Two State Court Actions

As a result, OEL filed a lawsuit against each of the Plaintiffs in the Florida State Courts. Since the issues and contracts between OEL and the Plaintiffs were separate and unrelated to each other, OEL sued each independently. Imagine Orthodontics of Tennessee, LLC ("IOT"), a practice entity which would have been involved in their respective practices, also was, and is, a Plaintiff in those state lawsuits. IOT is the entity which, in this federal court action, Plaintiffs seek a declaratory judgment that they control. These state court actions, pending since October 2006 and long before the federal court action was filed, are styled: Orthodontics Education, Ltd. and Imagine Orthodontics of Tennessee, LLC v. Michel Sawaf, in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Case No.: 2006-CA-007182 (the "Sawaf State Court Action") and Orthodontics Education, Ltd. and Imagine Orthodontics of Tennessee LLC v. Peter Jang, in the Circuit Court of the Fourth Judicial

2

Circuit, in and for Duval County, Florida, Case No.: 2006-CA-007352 (the "Jang State Court Action") (collectively, the "State Court Actions").

Each Plaintiff in their respective State Court Action, filed counterclaims against both OEL and IOT, as well as a Third Party Complaint against Dr. Lazzara. See Dkt. 11, Ex. C and D. Thus, all of the parties in this federal court action are parties in the State Court Actions (but not all of the state court parties are parties to this federal action). In their respective initial state court counterclaims, Plaintiffs alleged Dr. Lazzara was the sole director of IOT. During the course of discovery in the State Court Actions, Plaintiffs received copies of the documents they now claim give them an ownership interest in IOT, and then, incredibly, filed those documents with the Tennessee Secretary of State in an attempt to allege they controlled IOT.[1] Plaintiffs then amended their respective counterclaims to allege they were members and directors of IOT, and that Lazzara wrongly refused to permit Plaintiffs to partake in IOT's corporate actions, and precluded their membership and directorial rights. See Motion to Dismiss (Dkt. 11, Ex. C, ¶ 49, Ex. D, ¶ 49).

The State Court Actions have been extremely active, with 2 hearings to date, 2 additional hearings scheduled, over 50 interrogatories served, over 100 requests for production served, thousands of pages of documents produced, 3 depositions taken, and 4 depositions currently scheduled.

Notwithstanding these significant efforts to move the parties' dispute to resolution in the State courts, Plaintiffs then filed this federal court action to litigate these same questions. See Complaint (Dkt. 1), p. 7, ¶ 29 and *ad damnum*. Because these issues remain pending for

---

[1] Indeed, the documents Plaintiffs filed with the Tennessee Secretary of State actually have the Bates numbers from the State Court production. See Plaintiff's Complaint (Dkt 1, Ex. A, B, D, G, and H).

decision in the two State Court Actions, Defendant Dr. Lazzara moved to dismiss this federal court action. Dr. Lazzara's motion remains pending before this Court. Now, when the case is not even at issue, Plaintiffs move the Court to expedite the trial of this matter -- and without moving to file similar motions to expedite in the State Court Actions.

## II. LEGAL ARGUMENT

### A. The Motion to Expedite is Not Timely or Appropriate Under Rule 57

Under Fed. R. Civ. P. 57, "the court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar." However, the case must be at issue before this can be done. "Implicit in [Rule 57], however, is the assumption that prior to such order for a speedy hearing, the matter in issue will have been joined by the filing of a responsive pleading." Drinan v. Nixon, 364 F. Supp. 853, 854 (D.C. Mass. 1973); City of Grand Forks v. Grand Forks Herald, Inc., 307 N.W.2d 572, 575 (N.D. 1981). This case is plainly not at issue.

On May 16, 2007, Dr. Lazzara filed his Motion to Dismiss Plaintiff's Complaint (Dkt. 11). Again, this motion to dismiss seeks to dismiss this action in its entirety so that these same issues can be decided in the already-pending State Court Actions. Because of the pending motion to dismiss, Dr. Lazzara has not filed a responsive pleading. Such a responsive pleading would, of course, raise any affirmative defenses, counterclaims, or joinder of additional parties to this action, all matters important to the Court's consideration when scheduling a trial. Indeed, at this time the parties have not even filed their Case Management Report with the Court so as to apprise the Court of their scheduling needs. Therefore, Rule 57, for good and obvious reasons, prevents consideration of the proposed expedited trial.

Rule 57 motions are also reserved for cases which involve "only an issue of law on undisputed or relatively undisputed facts." Rechler Partnership v. Resolution Trust Corp., 1990 WL 711357 at * 7 (D.N.J. 1990). Despite Plaintiffs' claim that this matter is entirely an

4

issue of law, if allowed to proceed this case will, like the State Court Actions, involve disputed facts.

Plaintiffs' own inconsistent allegations in the State Court Actions evidence this fact conflict. For example, while Plaintiffs initially alleged in the State Court Actions that Dr. Lazzara was the director of IOT, they now allege they are the sole directors of IOT. Further, the facts are different for each of the Plaintiffs. For example, Plaintiff Jang admittedly never signed the Member Joinder Agreement. See Plaintiffs' Motion for Summary Judgment, (Dkt. 1, Ex. E). However, Plaintiff Sawaf did sign a Member Joinder Agreement, a fact which he alleges made him a member. Id. (Dkt. 1, Ex. F).

Accordingly, if this federal court case is not dismissed the parties' dispute will require a resolution of issues of law and fact, requiring Plaintiffs' motion to be denied. Rechler Partnership, 1990 WL 711357 at * 7.

Moveover, if as Plaintiffs suggest there is no fact issue and they are entitled to judgment as a matter of law, they will have this opportunity when the Court rules on Plaintiffs' pending motion for summary judgment. (Dkt. 3). In short, if Plaintiffs are correct that there are no fact issues -- and they are not -- they will get their "expedited" relief via summary judgment and not need an expedited trial. If Plaintiffs are incorrect -- and they are -- and fact issues exist, they are not entitled to an expedited hearing under Rule 57.

### B. The Motion to Expedite Violates Comity Principles

As set forth at length in Defendant's Motion to Dismiss, ownership and control of IOT -- the declaration sought by Plaintiffs in this matter -- is an integral issue in the pending State Court Actions. (Dkt. 11). By now attempting to "advance" these issues on this Court's calendar to the detriment of the pending State Court Actions, Plaintiffs ignore more established comity principles and attempt an end run around the state court proceedings.

5

The motive behind this forum shopping and legal maneuvering is to attempt to obtain a decision in this Court which they can then take to the state court to try to dismiss IOT's state court claims against them prior to the time the state courts try those claims. This maneuvering is made all the more incredible by the fact that Plaintiffs obtained copies of the documents they now claim give them an ownership interest in IOT through discovery in the State Court Actions. Affidavit of Gasper Lazzara, ¶ 11 (Dkt. 9). After obtaining this discovery, Plaintiffs proceeded to file -- without authorization or approval -- copies of those documents with the Tennessee Secretary of State.[2] Id.

That these same issues are pending in the State Court Actions is expressly admitted in Plaintiffs' Opposition to Defendant's Motion to Dismiss (Dkt. # 14). There Plaintiffs admit that if the State Court Actions proceed to judgment, they face the possibility of "repugnant and inconsistent verdicts" in the "separate sister state courts" (Id., pp. 3 – 5). As set forth in Defendant's Motion to Dismiss, this duality of pending claims raises comity principles involving deference by the federal court of prior filed state court actions.

Further revealing their motives of forum selection gamesmanship, Plaintiffs -- who presumably have the same timing needs regardless of the court -- have not filed a similar motion to expedite either of the State Court Actions. Plaintiffs offer no explanation for this telling omission.

---

[2] Shortly after this unauthorized filing, Plaintiffs purportedly caused IOT to execute releases in their favor and also to indemnify them against its own claims against them. Since that time, Dr. Lazzara has filed Articles of Correction with the Tennessee Secretary of State to correct this improper and unauthorized filing. Lazzara Aff., ¶ 11.

C.  **Plaintiffs' Fail to State a Sufficient Basis for a Speedy Trial**

Finally, Plaintiffs' motion simply fails to state a sufficient basis for an "expedited" trial under Rule 57. Plaintiffs' Motion simply states that one of the Plaintiffs, Peter Jang (and not both of the Plaintiffs), has been called for active military duty starting August 1, 2007. Although Plaintiffs' Motion indicates that Plaintiff Jang's active duty status can cover a period of 365 days, it indicates that he is only to be deployed overseas for 90 days. Moreover, there is no indication when the 90 day deployment begins or ends, and thus when Plaintiff Jang will be available for trial.

In addition, since Plaintiffs suggest there are no factual issues, certainly no prejudice would result if he did not attend, or at the very least, his deposition could be taken for use at trial if he is unavailable. Indeed, his deposition in the State Court Actions is scheduled for July 23, 2007. Plaintiff Sawaf has no such scheduling issues or reasons for any expedited proceedings.

## CONCLUSION

For the foregoing reasons (and in Defendant's Motion to Dismiss), Defendant Dr. Lazzara respectfully requests that this Court deny Plaintiffs' Motion to Expedite.

FOLEY & LARDNER LLP

Scott Richburg
Florida Bar No. 0064475
John A. Tucker
Florida Bar No. 0356123
Justin A. Mallot
Florida Bar No. 0652881
One Independent Drive, Suite 1300
Jacksonville, Florida 32202
Tel: (904) 359-2000
Fax: (904) 359-8700
Attorneys for Defendant

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing and additionally that I furnished a copy by Facsimile and United States First Class mail, postage prepaid, this 15th day of June, 2007, to:

Ronnie J. Bitman, Esquire
Karl E. Pearson, Esquire
Powell & Pearson LLP
399 Carolina Avenue, Suite 200
Winter Park, FL 32789

_____
Attorney

8